**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH BROWN, ) | CASE NO:   4:09-CV-2870 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | Doc. No. 22 |

Marcia W. Margolius, counsel for Plaintiff, Anissa L. Garcia ("Plaintiff"), petitions this Court for approval of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) ("§ 406(b)(1)") in the total amount of $4,900.  Doc. No. 22.  Defendant, the Commissioner of Social Security ("Commissioner"), does not oppose an award of fees but disputes the amount of an appropriate award.  Doc. No. 24.  For the reasons set forth below, the motion is for fees is GRANTED, but the requested fees are reduced as described below.

**I.   BACKGROUND**

Brown filed an application for Disability Insurance Benefits on March 20, 2007, alleging disability as of February 18, 2007. Her application was denied initially and upon reconsideration.  Brown timely requested an administrative hearing.  Administrative Law Judge Wayne Stanley ("ALJ") held a hearing on March 19, 2009.  Brown, represented

by counsel, testified on her own behalf at the hearing.  Fred Monaco testified as a vocational expert ("VE").  The ALJ issued a decision on April 1, 2009, in which he determined that Brown is not disabled.  Brown requested a review of the ALJ's decision by the Appeals Council.  When the Appeals Council declined further review on October 14, 2009, the ALJ's decision became the final decision of the Commissioner.

Brown filed an appeal to this court on December 10, 2009.  Brown alleged that the ALJ erred because (1) the ALJ failed to assign appropriate weight to the opinion of Brown's treating physician; and (2) the ALJ's Residual Functional Capacity ("RFC") assessment was ambiguous and unsupported by substantial evidence. The court found that the ALJ's rejection of the treating physician's opinion was not supported by substantial evidence because it cited as support an echocardiogram that did not appear in the record and relied on medical conclusions reached by the ALJ without the support of medical experts.  The court declined to reach the merits of Brown's second ground for appeal, instead directing the ALJ to consider Brown's claims and clarify his ruling. The court reversed the Commissioner, finding that the ALJ's rejection of the opinion of Brown's treating physician was not supported by substantial evidence, and remanded the case for further action consistent with the court's opinion.

On September 30, 2010, Brown moved for $1,843.75 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a).  Doc. No. 19.  On October 13, 2010, the parties stipulated to an award of $1,843.75 in attorney's fees, and the court awarded that amount on October 14, 2010.  Docs. No. 20, 21.  This award represented attorney's fees at a rate of $125 per hour.

On November 12, 2012, the Commissioner awarded Brown $20,869.20 in past

due benefits.  The Commissioner withheld 25% of the awarded benefits, $5,217.30, for possible payment of the contingency fee of Brown's attorney.

Brown's counsel now moves for an award of attorney's fees of $4,900 pursuant to § 406(b)(1) and based upon her contingency fee agreement with Brown.  Counsel attaches to her motion the following:  (1) her time sheet; (2) her resume; (3) Brown's November 12, 2012 Notice of Award of retroactive benefits; and (4) a December 3, 2009 contingent fee agreement between Brown and her counsel.

The Commissioner opposes the amount of the award.  He notes that counsel has miscalculated the amount which would not presumptively be a windfall.  The Commissioner points out that (1) the 6th Circuit has found that hourly fees up to $150 per hour are not excessive and (2) up to twice a reasonable hourly fee is presumptively not a windfall in the case of an award based on a contingency agreement.  The Commissioner concludes, therefore, that an award of up to $300 per hour is presumptively not a windfall.  Thus, according to the Commissioner, an award at a rate of $300 per hour would be reasonable, not a rate of $400 as Brown's counsel requests.

In reply, Brown's counsel notes that the case in which the 6th Circuit determined that hourly fees up to $150 per hour are not excessive was decided in 1990.  Counsel then points out that, according to the Bureau of Labor and Statistics ("BLS"), $150 in 1990 would be worth $265.47 in 2012, citing the calculator at the website of the BLS.  Counsel concludes, therefore, that if $150 per hour was reasonable in 1990, then $200 per hour is reasonable in 2012 after accounting for inflation.

## II.  LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee

3

from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

*See also* *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). A court may award attorney's fees only for work performed before it. *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A twenty-five percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id.* In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082, 1084 (6th Cir. 1987).

Contingent fees may translate into large hourly rates. A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly

4

> rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Finally, it is well established that, where a claimant has been awarded fees under the EAJA, and where counsel is awarded fees under § 406(b)(1), counsel must refund the amount of the smaller fee to the claimant. *See Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989); *see also Tharp v. Comm'r of Soc. Sec.*, No. 1:08-CV-542, 2011 WL 3438431, *21 (S.D. Ohio Aug. 5, 2011) ("In the situation of a dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

Here, there is no indication of improper conduct or ineffectiveness of counsel, and counsel's total requested contingency fee constitutes 23.48% of the award from the Commissioner, which is within the 25% contingency fee permitted by counsel's agreement with her client. Counsel has failed to demonstrate, however, that the requested contingent fee would not represent a windfall. Counsel argues that, when considering the rate of inflation, the hourly rate of twice $150 in 1990 permitted by the Sixth Circuit would be the equivalent of an hourly rate of twice $265.47 in 2012. Consequently, plaintiff's counsel concludes, a rate based on an hourly rate of twice $200 is not excessive. But that is not the measure of whether a fee award is a windfall. The proper measure is whether the fee is less than twice the standard rate for such

5

work in the relevant market. While plaintiff's counsel asserts that a $200 per hour fee is the standard rate in the Cleveland market, she offers no evidence to support that assertion.

Courts in this district have previously determined that a fee of $350 per hour is not excessive in awarding fees pursuant to § 406(b)(1). *See Arnold v. Astrue*, Not Reported in F.Supp.2d, 2011 WL 307969 (N.D. Ohio Jan. 11, 2011); *Santiago v. Astrue*, 2010 WL 5288170 (N.D. Ohio Dece. 17, 2010); As plaintiff's counsel has failed to demonstrate that a fee of $400 per hour is not excessive, the court shall award fees based on a rate of $350 an hour. Plaintiff's counsel documents a total of 12.25 hours of work on Brown's case. At a rate of $350.00 an hour, the total amount properly awarded for this work is $4,287.50.

### III. CONCLUSION

For the foregoing reasons, counsel's motion for attorney's fees is GRANTED, but of the requested fees of $4,900.00 only $4,287.50 is awarded. Counsel shall refund $1,843.75 – the amount previously awarded under the EAJA in this case – to Brown.

**IT IS SO ORDERED**.

Date: December 21, 2012          *s/ Nancy A. Vecchiarelli*
                                 U.S. Magistrate Judge

6